```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

THE UNITED STATES OF AMERICA

                                                                                                                                    **Hon. Hugh B. Scott**

                                                                                                                                      10CR313S

                             v.

                                                                                                                                  **Decision**
                                                                                                                                 **&**
                                                                                                                                **Order**

John Liebler,

                            Defendant.

      Before the Court is the defendant's motion seeking appointment of counsel pursuant to 18 U.S.C. §3006A. (Docket No. 12).[1]

      The defendant, John Liebler ("Liebler") has been indicted on charges of distribution and possession of child pornography in violation of 18 U.S.C. §2252(a)(2)(A) and 18 U.S.C. §2252(a)(2)(B), respectively. (Docket No. 1). The defendant has represented to the Court that he has access to $78,000 in a joint-account with his father. The sole source of the funds identified by the defendant is social security disability benefits payable to the defendant. (Docket No. 12-1 ¶¶ 22-23). The defendant has not represented that his father makes any claim of ownership to the funds. Notwithstanding, the defendant seeks appointment of counsel, previously privately

---

[1] The instant Order deals only with the defendant's request for appointment of counsel. The other issues raised in the defendant's omnibus motion (Docket No. 12) continue to be pending.

1

retained by the defendant, so that counsel fees and expert fees will not drain this savings account which could be used for the defendant's future needs. The defendant has not represented that the funds are necessary for his current living or medical needs.

Section 3006A provides for the assignment of counsel "for any financially eligible person" charged with a felony (among other crimes). 18 U.S.C. §3006A(a)(1)(A). Generally, the standard for eligibility for §3006A appointment is not indigence, but rather whether the party is "financially unable to obtain counsel." United States v. Osuna, 141 F.3d 1412 (10th Cir. 1998). "A defendant, with money available to pay an attorney, could not lawfully swear under oath, whether in an affidavit or by oral testimony, that he was financially unable to obtain counsel." United States v. Ianniello, 644 F.Supp. 452 (S.D.N.Y.,1985). The term "financially eligible person" does not equate to "indigency," and a defendant's ability to pay must be evaluated in light of the liquidity of the defendant's assets, his personal and familial needs, and any changes in his financial circumstances. United States v. Owen, 407 F.3d 222, 232 (4th Cir. 2005) citing Museitef v. United States, 131 F.3d 714, 716 (8th Cir.1997); United States v. Kelly, 467 F.2d 262, 266 (7th Cir.1972). "If there is any question about the defendant's financial status, he should be clearly advised that he has the right to counsel at the government's immediate expense and that any obligation to repay is conditional on his becoming able to do so." Owen, 407 F.3d. at 232 (citations omitted).

It appears that the defendant has assets which would allow him to retain an attorney to represent him in this matter. In fact, he has already done so. The Court is cognizant that the $78,000 represents savings from disability payments to the defendant. However, the defendant has not presented, and the Court has not found, authority supporting the proposition that a

disabled person with substantial funds available to him, is still entitled to the appointment of counsel under the presupposition that the defendant's bank account would be depleted by the cost of fees in this case. The motion for appointment of counsel pursuant to §3006A is denied.

An evidentiary hearing regarding the defendant's motion to suppress evidence and statements obtained on February 24, 2011 shall take place on January 17, 2013 at 10:00 a.m. before the undersigned.

So Ordered.

/s/ Hugh B. Scott  
United States Magistrate Judge  
Western District of New York

Buffalo, New York  
December 6, 2012